[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13446
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-01507-TCB


ANDREW CLARKE,

Plaintiff-Appellant,

versus

RUSSELL R. MCMURRY, P.E.,
Commissioner of the Georgia D.O.T.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 2, 2019)

Before ED CARNES, Chief Judge, BRANCH, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Andrew Clarke appeals the district court's dismissal of his 42 U.S.C. § 1983

complaint.  The complaint alleges that Russel McMurry, the Commissioner of the

Georgia Department of Transportation, violated the Fourteenth Amendment's Equal Protection and Due Process Clauses by failing to ensure that the Department reimburse Clarke, a former Department employee, for paying medical bills that he incurred after an on-the-job traffic accident. Clarke sued McMurry in his official capacity and sought $10,000,000 in damages. The district court dismissed the complaint on the basis of Eleventh Amendment sovereign immunity. This is Clarke's appeal.

We construe liberally Clarke's complaint because he is proceeding pro se, Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014), and we review de novo the district court's dismissal of Clarke's complaint, Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Although the text of Eleventh Amendment does not say so, "it has long been settled that the amendment applies equally to suits against a state brought in federal court by citizens of that state." James, 157 F.3d at 1277 (citing Hans v. Louisiana, 134 U.S. 1, 18–19, 10 S. Ct. 504, 508 (1890)). "The state need not be

2

formally named as a defendant for the amendment to apply; [a] state official[ ] sued in [his] official capacity [is] also protected by the amendment." Id.

This case does not present any "of the three situations in which there is a surrender of Eleventh Amendment sovereign immunity." Id. at 1278 (quotation marks omitted).  First, the State of Georgia did not "waive[ ] its Eleventh Amendment sovereign immunity and consent[ ] to suit in federal court." Id. Georgia has expressly reserved its sovereign "immunity with respect to actions" that are, like this one, "brought in [a] court[ ] of the United States."  Ga. Code Ann. § 50-21-23(b).  Second, Congress did not abrogate Georgia's sovereign "immunity when it enacted 42 U.S.C. § 1983." Schopler v. Bliss, 903 F.2d 1373, 1379 n.4 (11th Cir. 1990).  And third, Clarke did not sue McMurry, "a state official[,] . . . for prospective injunctive relief to end a continuing violation of federal law." James, 157 F.3d at 1278.  He sued McMurry for damages.  As a result, Clarke's claims against McMurry "were, in effect, claims against the State of [Georgia], and, consequently, the defense of Eleventh Amendment sovereign immunity" barred those claims. Id.

**AFFIRMED**.

3